# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
—oOo—

**FILED**

APR 2 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

**KEVIN WILLIAM RIDENOUR
NICHOLAS EDWARD CRAIG**
Westwood, California

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER:

2:07-MJ-0099 DAD

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **March 23, 2007** in **Lassen** County, in the Eastern District of California defendant(s) did, (Track Statutory Language of Offense)

▸ **SEE ATTACHMENT**

in violation of Title **18**, United States Code, Section(s) **241** and **844(h)**, and Title **42**, United States Code, Section **3631(a)**. I further state that I am a Special Agent, Federal Bureau of Investigation, and that this complaint is based on the following facts:

▸ **SEE ATTACHMENT**

**X** Continued on the attached sheet and made a part hereof.

Signature of Complainant Marcus W. Knutson, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

April 2, 2007     at     Sacramento, California

Date     City and State

Dale A. Drozd
U.S. Magistrate Judge
Name and Title of Judicial Officer     Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Marcus W. Knutson, Special Agent (SA), Federal Bureau of Investigation, being duly sworn, state the following:

1. I am a Special Agent with the United States Department of Justice, Federal Bureau of investigation, (FBI) and has been so employed since January of 2001. I am currently assigned to the Sacramento Division and investigate violent crimes including bank robberies and other federal crimes occurring in the Eastern District of California. During my employment with the FBI I have received specialized training and have experience in conducting crime scene investigations including those involving the crime of arson.

2. I make this affidavit in support of an application for arrest warrants charging Kevin William Ridenour and Nicholas Edward Craig with a conspiracy against rights, including housing rights, in violation of Title 18, United States Code, Section 241; interference with housing rights because of a person's race, in violation of Title 42, United States Code, Section 3631(a); and use of fire to commit a felony, in violation of Title 18, United States Code, Section 844(h)(1).

3. The facts set forth in this affidavit are based on the results of an investigation by FBI Special Agent Glenn G. Booth of the Reno Resident Agency, and knowledge he obtained during his participation in this investigation from other individuals including other law enforcement officers, his review of documents and email related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through his training and experience. He has related this information to me. Because this affidavit is submitted for the limited purposes of establishing probable cause in

-1-

support of the application for Complaints and Arrest Warrants, it does not set forth each and every fact that I or Agent Booth have learned during the course of this investigation.

4. The FBI has joined an investigation initiated by the Lassen County Sheriff's Office relating to a cross burning which occurred outside the rectory of a Catholic Church in Westwood, California. The priest of the church who resides at that rectory is originally from Rwanda, central Africa. Two suspects, Kevin William Ridenour, 21, and Nicholas Edward Craig, 18, have been charged with a violation of California Penal Code 422.6(A) in connection with the case. To date, the following facts have been gathered in the course of the investigation:

a. On Saturday, March 24, 2007, deputies with the Lassen County Sheriff's Office were dispatched to the Our Lady of the Snows Church, located at 425 Cedar Street, Westwood, California. Upon arriving at the church, officers observed a charred wooden cross standing to the side of the rectory driveway. The cross was approximately 5'6"tall by 3'5" wide. The deputies were told that the burnt cross had previously been found on the morning of Friday, March 23rd, in the carport driveway of the rectory of the church. The deputies also noticed that a nearby light and motion sensor had been spray painted black.

b. The responding deputies interviewed Jim Welch, a janitor at an adjacent school, who told them that he had observed a person previously known to him as Nicholas Craig, a nearby resident, and another male building a wooden cross in a nearby alley on approximately the evening of Thursday, March 22, 2007. Welch described the other male he had seen with Craig. Welch had been notified of the charred cross by a teacher, and subsequently found the charred cross during the morning hours of March 23, 2007, after it had been burned in the early morning hours in front of the rectory at the Church, which is the residence of the church Priest.

-2-


c. The church priest who lives in the rectory is Bernardin Mugabowakigeri, who is from the country of Rwanda. In an interview on March 31, 2007, he told Special Agent Booth that he had been assigned to the Our Lady of the Snows Catholic Church in Westwood, California, by the Diocese located in Sacramento, California, and had moved to Westwood and lived there since approximately October, 2006. Mugabowakigeri also advised that the exterior spotlight with motion detector had been previously damaged a few days prior to this incident, rendering it inoperable. Mugabowakigeri had the light fixed, and on March 22, 2007, Mugabowakigeri noticed that the light and motion detector had been spray painted black. This vandalism caused Mugabowakigeri a degree of concern, because he was afraid that someone was planning to commit some type of crime or mischief. Mugabowakigeri stated that the cross was burned exactly where the light would have illuminated had the light not been blacked out.

d. After responding to the church on March 24, 2007, Lassen County Deputies Hubanks and Wallace went to 408 Delwood Street, Westwood, California. From information received from Jim Welch, the Deputies knew that location to be the residence of Nicholas Craig. While at the address, officers observed wood similar to that used to construct the charred cross. The wood was located behind a free standing garage located on the property behind the house. The wood, like that used in the cross, was a tongue and groove panel-type board. Officers also observed a used can of black spray paint located near the wood.

e. Deputy Hubanks contacted Kevin Ridenour, who was in the yard of the residence at 408 Delwood Street, and whose appearance was similar to the person descirbed by Welch. Ridenour advised that he lived at the address with Nicholas Craig. The Deputy asked where Craig was, and Ridenour said that Craig had left town two days ago and would be back in

a few days. Deputy Hubanks asked Ridenour about the cross burning incident, and Ridenour denied any involvement. Deputy Hubanks then arrested Ridenour on state charges relating to vandalism and violations of civil rights. While Ridenour was being placed in the Deputy's patrol car, he stated "He's in the house. That's all I'm going to say."

        f. Deputies yelled for Craig to come out of the house, but there was no response. Telephone calls into the house were not answered. Finally, after about 30 minutes, Nicholas Craig exited the house and was arrested. Deputy Hubanks read Craig his Miranda rights. In response to questions, Craig advised officers that he helped Ridenour construct the cross at 408 Delwood Street. Craig further stated that he and Ridenour dragged the cross on foot to the church on Friday morning, March 23, 2007, at approximately 3:30 a.m. The church and the attached rectory are within one-half block from Craig's residence. Craig advised that they used unleaded gasoline from the gas tank of a motorcycle located at 408 Delwood Street to soak the cross. Craig stated that he poured the gasoline on the cross and Ridenour lit the cross. Craig admitted to spray-painting the motion detector light at the church rectory the day before the cross-burning, although he claimed that this was not done in order to facilitate the cross-burning.

        g. Deputy Hubanks then read to Ridenour his Miranda rights, told him that Craig had made a statement about the incident, and asked about Ridenour's involvement in the cross burning. Ridenour advised that he was not going to say anything. Hubanks closed the car door and resumed taking photographs of the area. Ridenour then motioned to one of the Deputies that he wanted to speak with him. Ridenour then told the Deputies that he helped build the cross, and that he helped walk it to the rectory. Ridenour advised that his actions were targeted at the black man living at the rectory, and that it was a "joke." Both Ridenour and Craig were booked into the

-4-

Lassen County Jail.

  h. On Monday, March 26, 2007, Deputy Hubanks interviewed Craig while Craig was in custody at the Lassen County Jail. After being read his Miranda rights again, Craig advised that Ridenour does not like black people, and that he had heard Ridenour referring to black who lived nearby as, "those fucking jigs." Craig advised that they got the idea from old movies that depicted the KKK burning crosses to intimidate black people. Craig stated that he knew that they were burning the cross in front of the rectory where the Catholic Priest worked and resided. Craig advised that they burned the cross to scare the black priest. The interview was about 39 minutes long.

  i. Also on Monday, March 26, 2007, Deputy Hubanks interviewed Ridenour while Ridenour was in custody at the Lassen County Jail. After being read his Miranda rights again, Ridenour advised that he burned the cross in front of Mugabowakigeri's residence because Mugabowakigeri is black, stating, he wanted to reenact the KKK, that "it was racial", and that it was a "joke". Ridenour admitted to building and burning the cross, and said that during construction of the cross, he and Craig talked about when the KKK used crosses to do this. Ridenour advised that he came up with the idea to construct and burn the cross. Ridenour also claimed current membership in a Peckerwood Gang, located in Chico, California. Ridenour claimed to have had his Peckerwood tattoos covered up with others so they are no longer visible.

  j. Subsequent investigation by Special Agent Booth indicates that the Peckerwoods are a known as a white supremacist gang whose membership includes white youths with loose ties to white power gangs in and out of prison, in addition to actual skinhead gangs. Peckerwood gangs are largely located throughout the State of California.

k. A review of Ridenour's criminal history indicates that he has previously been convicted of exhibiting a deadly weapon, and charged with threatening a crime with intent to terrorize and possession of a controlled substance. Ridenour has various tattoos, and while none are overtly known to be white supremacist tattoos, they are broad and dark enough to cover up other racist Peckerwood tattoos as he described.

5. The elements of the federal offenses under investigation in this case are as follows:

a. A violation of Section 241 of Title 18, conspiracy against rights, has the following three elements: (1) that the defendant and at least one other person knowingly conspired, (2) to oppress, threaten or intimidate one or more persons, specifically an African-American resident of 425 Cedar Street, Westwood, California, and (3) the conspiracy was directed at such victim's free exercise and enjoyment of rights secured to him by the U.S. Constitution and the laws of the United States, specifically, his right under Title 42, United States Code, Section 1982, to hold and occupy a dwelling without injury, intimidation or interference because of his race or color.

b. A violation of Section 3631(a) of Title 42, interference with housing rights, a felony, has the following five elements: (1) that the defendant used force or threat of force, (2) that he attempted to intimidate or interfere with the victim's right to occupy a dwelling, specifically the rectory building at 425 Cedar Street, Westwood, California, (3) that he acted on account of the race or color of the resident of 425 Cedar Street, and because he was occupying such dwelling, (4) the defendant acted willfully, and (5) the defendant's conduct included the use or attempted use of fire.

c. A violation of Section 844(h) of Title 18, use of fire to commit a felony, has

the following two elements: (1) that the defendant committed a felony which may be prosecuted in a court of the United States, to wit, the conspiracy against rights and interference with housing rights described above, and (2) that he made use of fire in the course of committing those offenses.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Kevin William Ridenour and Nicholas Edward Craig have committed violations of Title 18, United Sates Code 241, conspiracy against rights; Title 42, United Sates Code 3631(a), interference with housing rights; and Title 18, United Sates Code 844(h)(1), use of fire to commit a felony. Accordingly, I request that Arrest Warrants be issued for Kevin William Ridenour and Nicholas Edward Craig, charging each of them with one count of each of the foregoing three offenses, committed in Lassen County, State and Eastern District of California, on or about March 23, 2007.

7. The above facts are true and correct to the best of my knowledge and belief.

Marcus W. Knutson, Special Agent
Federal Bureau of Investigation

Approved as to form

Benjamin B. Wagner
Assistant United States Attorney

Sworn to and Subscribed before me
this 2nd day of April, 2007, at Sacramento, California

Hon. DALE A. DROZD
U.S. Magistrate Judge